

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| LESLY JEAN JACQUES,<br>      Petitioner<br>VERSUS | CIVIL ACTION<br>NO. CV08-1401-A |
| WARDEN, LASALLE DETENTION<br>CENTER, et al.,<br>      Respondent | JUDGE JAMES T. TRIMBLE<br>MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a motion to dismiss (Doc. 23) a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by petitioner Lesly Jean Jacques ("Jacques") on September 22, 2008. Jacques, a citizen of Haiti, contests his continued detention by the Bureau of Customs and Immigration Enforcement ("BICE") pending his removal from the United States. At the time of filing his petition, Jacques was being detained in the LaSalle Parish Detention Center in Jena, Louisiana. The sole relief requested by Jacques is release from custody pending his removal, pursuant to Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491 (2001).

Respondents filed a motion to dismiss Jacques' petition as moot (Doc. Item 23), showing, through the affidavit of Brian K. Gueringer, the officer in charge of the area BICE facilities, and other documentary evidence (Doc. 23, Ex.), that Jacques had been released under supervision on May 11, 2009.

Since Jacques has been released and thus has achieved the sole relief requested in his habeas petition, his habeas petition has been rendered moot and should be dismissed.[1]

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Respondents' motion to dismiss (Doc. 23) be GRANTED and Jacques' habeas petition be DISMISSED AS MOOT.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

---

[1] It is further noted that an order from this court mailed to Jacques on June 9, 2009 (Doc. Item 24), was returned to the Clerk of Court on June 15, 2009, stamped "Return to Sender. No Longer at This Institution." Apparently, after Jacques was released, he failed to provide the court with his new address. Local rule LR41.3W provides that the failure of a pro se litigant to keep the Court apprised of an address change may be considered cause for dismissal for failure to prosecute, when a notice is returned to the Court for the reason of an incorrect address and correction is not made to the address for a period of 30 days. Jacques' failure to inform the court of his address change within 30 days provides another ground for dismissal of his habeas petition. <u>Link v. Wabash Railroad Co.</u>, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.734 (1962); <u>Rogers v. Kroger Co.</u>, 669 F.2d 317, 320-21 (5th Cir. 1982).

2

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 13th day of October, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE